IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:23-cv-00682 |
| v. | § § | |
| THE CINCINNATI INSURANCE COMPANY | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Phoenix Insurance Company ("Phoenix"), seeks a declaration that Defendant The Cincinnati Insurance Company ("Cincinnati") has a duty to defend and indemnify Architectural Graphics, Inc. ("AGI") and PNC Financial Services Corp. ("PNC") as additional insureds under its policy, and that any coverage available under the Phoenix policy issued to AGI is excess to coverage available under the Cincinnati policy.

**I. PARTIES, JURISDICTION AND VENUE**

1. Phoenix is a corporation duly organized and existing under the law of the State of Connecticut with its principal place of business in Hartford, Connecticut.

2. Upon information and belief, Cincinnati is a corporation duly organized and existing under the law of the State of Ohio with its principal place of business in Fairfield, Ohio and may be served through its registered agent, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062-6212.

3.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

4.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because the defendant has sufficient minimum contacts in this district to be subject to the personal jurisdiction of this district.  The insurance policy which is the subject of this declaratory judgment lawsuit, under which the plaintiff seeks coverage, was issued and delivered in this district.  Additionally, the contract for services between AGI and Britten Lift and Installation Services, Inc. ("Britten"), which confers additional insured coverage to AGI under a Cincinnati insurance policy, was entered into in this district.

## II. INSURANCE POLICIES

6.      Phoenix issued to AGI an insurance policy bearing policy no. P22N630-7F378525 providing commercial general liability coverage for the policy period May 1, 2021 through May 1, 2022 (the "Phoenix Policy").

7.      Subject to certain terms, conditions, and exclusions, the Phoenix Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

8.      The Phoenix Policy contains excess "other insurance" clauses that provide that coverage under the Phoenix Policy is excess over any other coverage available to the insured as an additional insured.

9. Defendant Cincinnati issued an insurance policy to Britten bearing policy no. ENP 012 51 51 for the policy period February 7, 2021 through February 7, 2022 (the "Cincinnati Policy").

10. Upon information and belief, subject to certain terms, conditions, and exclusions, the Cincinnati Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. By endorsement, the Cincinnati Policy provides additional insured coverage to the defendants on a primary and non-contributory basis.

### III.  FACTUAL BACKGROUND AND UNDERLYING ACTION

12. Britten entered into a Change Order agreement with AGI dated December 14, 2021 (the "Change Order"), under which Britten agreed to install a new sign face outside a Wal-Mart in Eagle Pass, Maverick County, Texas (the "Location").

13. Pursuant to the terms of the Change Order, Britten agreed to procure commercial general liability coverage for AGI and PNC on a primary and non-contributory basis.

14. Britten installed a new sign at the Location.

15. Claimants Martha Gonzalez Luna and Juanita Gonzalez Gonzalez (the "Claimants") allege that they were injured on or about January 15, 2022, when the new sign installed by Britten at the Location fell on them and caused them to sustain injuries (the "Sign Incident").

16. The Claimants commenced an action styled *Martha Gonzalez Luna, et al. v. Britten Lift and Installation Services, LLC., et al.*, pending in the 365th Judicial District of Maverick County, Texas, Cause No. 22-02-40809-MCVAJA (the "Underlying Action").

17. In the Underlying Action, it is alleged that on or about January 15, 2022, a large outdoor sign became detached from the building it was installed on and fell, striking a vehicle and injured the Claimants.

18. In the Underlying Action, it is alleged that the Claimants injuries were caused by the negligence and/or gross negligence of Britten.

19. Phoenix has been providing and continues to provide a defense to AGI in the Underlying Action under the Travelers Policy

20. Phoenix has been providing and continues to provide a defense to PNC as an additional insured in the Underlying Action under the Phoenix Policy

21. By way of correspondence dated July 20, 2022, the defense and indemnity of AGI and PNC in the Underlying Action was tendered to Cincinnati.

22. Phoenix followed up with Cincinnati by correspondence on August 2, 2022, August 11, 2022, and September 28, 2022, pointing out that the Claimants in the Underlying Action allege that Britten's negligence caused the Sign Incident.

23. Despite several follow up attempts, Cincinnati has not responded to Phoenix's tender of the defense and indemnity of AGI and PNC in the Underlying Action.

## IV.  BASIS FOR DECLARATORY RELIEF

24. Phoenix repeats and realleges the allegations contained in paragraphs 1-23 above as if set forth here in their entirety.

25. AGI and PNC qualify as additional insureds under the Cincinnati Policy for the claims asserted against them in connection to the Underlying Action.

26. AGI and PNC are entitled to a defense under the Cincinnati Policy issued to Britten, as well as to indemnification thereunder for any verdict or judgment rendered against AGI or PNC in the Underlying Action.

27. Coverage provided to AGI and PNC by the Cincinnati Policy with respect to the Underlying Action is primary to that provided by the Phoenix Policy.

28. Cincinnati has refused to provide coverage to AGI and PNC with respect to the Underlying Action.

29. Accordingly, Phoenix seeks a declaration that Cincinnati has an obligation to defend and indemnify AGI and PNC as additional insureds; that the coverage provided by the Cincinnati Policy to AGI and PNC is primary; and that the obligations of Phoenix to AGI and PNC in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Cincinnati Policy.

30. In addition, Phoenix seeks an award at law and in equity against Cincinnati for recovery of all sums Phoenix has incurred in defense of AGI and PNC in the Underlying Action because the coverages provided by the Cincinnati Policy are primary to any coverage provided by Phoenix.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Phoenix respectfully prays that judgment be entered as follows:

1. Declaring that the Cincinnati Policy was in full force and effect on the date of the Sign Incident.

2. Declaring that all terms and conditions of the Cincinnati Policy have been complied with and met in connection to additional insured coverage for the Sign Incident and Underlying Action.

3. Declaring that the Sign Incident and Underlying Action fall within the coverage afforded by the Cincinnati Policy.

4. Declaring that Cincinnati owes a duty to defend AGI and PNC in connection with the Underlying Action.

5. Declaring that Cincinnati owes a duty to indemnify AGI and PNC in connection with the Underlying Action.

6. Declaring that Cincinnati's coverage obligations to AGI and PNC in connection with the Underlying Action are primary.

7. Declaring that Phoenix's coverage obligations in connection to AGI and PNC under the Phoenix Policy are excess and non-contributory to those of Cincinnati with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Phoenix and Cincinnati with respect to Cincinnati's duty to defend and to indemnify AGI and PNC in connection with the Underlying Action.

9. Granting an award in favor of Phoenix against Cincinnati for all sums Phoenix has paid in defending AGI and PNC in the Underlying Action.

10. Granting an award in favor of Phoenix for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated:
    May 25, 2023

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By: /s/ Rachel J. Fain
Rachel J. Fain
Mailing Address:
P.O. Box 2996
Hartford, Connecticut 06104-2996
Physical Address:
485 Lexington Ave., 6th Floor
New York, New York 10017
Office: (917) 778-6680
Facsimile: (844) 571-3789
Email: RFain@Travelers.com

And

**DEAS & ASSOCIATES**

By: /s/ Christopher L. Rhodes
Christopher L. Rhodes
State Bar of Texas No. 16812750
Mailing Address:
P.O. Box 64093
St. Paul, Minnesota 55164-0093
Physical Address:
9601 McAllister Frwy., Suite 713
San Antonio, Texas 78216
Office: (210) 525-2100
Facsimile: (855) 848-0737
Email: CRhodes2@Travelers.com
E-Service: EServSanA@Travelers.com

**ATTORNEYS FOR PLAINTIFF THE PHOENIX INSURANCE COMPANY**